```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
HECTOR LEAL, individually and on behalf of   :
all other persons similarly situated who were :
employed by MASONRY SERVICES, INC.,          :
HERRERA RESTORATION, INC., MJM               :           MEMORANDUM AND ORDER
CONSTRUCTION SERVICES, LLC,                  :               12-CV-588 (DLI)(VVP)
VALLEY STREAM CONSTRUCTION                   :
CORP.,  HEMPSTED CONSTRUCTION,               :
CORP., DEL MA RESTORATION CORP.,             :
JAIME T. HERRERA, SAUL HERRERA,              :
SALOMON HERRERA, MANUEL                      :
HERRERA, and JAMES HERRERA,                  :
                                             :
                            Plaintiffs,      :
                                             :
              -against-                      :
                                             :
MASONRY SERVICES, INC., HERRERA              :
RESTORATION, INC., MJM                       :
CONSTRUCTION SERVICES, LLC,                  :
VALLEY STREAM CONSTRUCTION                   :
CORP.,  HEMPSTED CONSTRUCTION,               :
CORP., DEL MA RESTORATION CORP.,             :
JAIME T. HERRERA, SAUL HERRERA,              :
SALOMON HERRERA, MANUEL                      :
HERRERA, and JAMES HERRERA,                  :
                                             :
                            Defendants.      :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Hector Leal ("Plaintiff"), on behalf of himself and others similarly situated, commenced this action against six corporate entities (the "Corporate Defendants") and five individuals (the "Individual Defendants," and collectively with the Corporate Defendants, "Defendants") to recover unpaid overtime and spread of hours compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 216(b) (the "FLSA"), New York Labor Law, Art. 6 § 190 *et seq.*, and Art. 19 § 650 *et seq.* ("NYLL"), and New York Compilation of Codes, Rules and

Regulations, tit. 12, §§ 142-2.1, 142-2.2, and 142-2.4. (Compl. ¶ 1, Docket Entry No. 1.) Three of the Individual Defendants, Jaime T. Herrera, Salomon Herrera, and James Herrera (the "Moving Defendants"), filed the instant motion seeking dismissal of the claims asserted against them for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the reasons set forth below, the Moving Defendants' motion is denied.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and are accepted as true for the purposes of this motion. Plaintiff performed masonry and other related construction work for Defendants from approximately 2005 until March 2011. (Compl. ¶ 10.) Plaintiff, who claims he was employed jointly by Defendants at all relevant times, typically worked six days per week, averaging 60 to 70 hours per week. (Compl. ¶¶ 10, 23.) In a typical shift, Plaintiff worked from approximately 7:30 a.m. to 6 p.m. or 7 p.m., with time for a 30-minute lunch break. (Compl. ¶ 10.) Plaintiff did not receive overtime or spread of hours wages during his employment; rather, he was paid the same rate—between $70 to $110 per day—regardless of the number of hours he worked. (*Id.*) Plaintiff also alleges that other similarly situated employees, which Plaintiff believes consists of more than 100 individuals residing in the State of New York, also were not paid overtime wages or spread of hours compensation. (Compl. ¶¶ 9, 29, 36-38.)

Each of the Corporate Defendants, six in total, are incorporated under New York law and/or do business in New York. (Compl. ¶¶ 11-16.) The Corporate Defendants have common ownership, and maintained common control, oversight, and direction over the construction work performed by Plaintiff and other similarly situated employees. (Compl. ¶ 24.) Four of the Corporate Defendants—Masonry Services, Inc., Herrera Restoration, Inc., MJM Construction

2

Services, LLC, and Valley Stream Construction Corp.—have principal business locations within this district. (Compl. ¶¶ 11-14.) Plaintiff alleges that the remaining two Corporate Defendants, Del Ma Restoration Corp. and Hempstead Construction Corp., are shell corporations that issued checks to Plaintiff and other similarly situated employees for the work they performed on behalf of the four other Corporate Defendants. (Compl. ¶¶ 15-17.)

The Moving Defendants are owners, principal shareholders, and directors of some or all of the Corporate Defendants and, in that capacity, made major personnel decisions and dominated day-to-day operations. (Compl. ¶¶ 39, 45, 51.) Specifically, Plaintiff alleges the Moving Defendants had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined the rate and method of payment for employees, and generated and maintained employment records. (Compl. ¶¶ 40, 46, 52.) Plaintiff and other similarly situated employees worked under the direction of the Moving Defendants at the relevant times to this action. (Compl. ¶¶ 39, 45, 51.)

Plaintiff initiated this action on February 7, 2012. On March 9, 2012, the Moving Defendants filed a motion to dismiss the claims asserted against them for failure to state a claim upon which relief can be granted.[1] The sole basis for dismissal advanced by the Moving Defendants is that Plaintiff has not adequately alleged that the Moving Defendants constitute "employers" under the FLSA and NYLL. (*See generally* Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mem."), Docket Entry No. 12; Reply to Pl.'s Opp'n to Mot. to Dismiss ("Defs.' Reply Mem."), Docket Entry No. 16.)

---

[1] The Moving Defendants have not requested dismissal of the claims asserted by Plaintiff against the Corporate Defendants or suggested that the factual allegations supporting those claims are insufficient.

3

**DISCUSSION**

**I.      Legal Standard**

Rule 12(b)(6) states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To determine whether dismissal pursuant to Rule 12(b)(6) is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679 (internal citations and quotation marks omitted).

**II.     Employer-Employee Relationship**

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).[2] "In identifying the persons or entities who qualify as 'employers' [under the FLSA], statutory definitions sweep broadly." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008).

---

[2] The Court's analysis as to whether the Moving Defendants qualify as "employers" under the FLSA also applies to Plaintiff's NYLL claims. *See Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 296 n.4 (E.D.N.Y. 2012) ("The standards by which a court determines whether an entity is an 'employer' under the FLSA also govern that determination under the New York labor law.") (quoting *Hart v. Rick's Cabaret Int'l Inc.*, 2010 WL 5297221, at *2 (S.D.N.Y. Dec. 20, 2010)).

Moreover, the FLSA "recognize[s] the possibility of joint employment for purposes of determining FLSA responsibilities." *Id.* at 141.

To determine whether an individual defendant is an employer within the meaning of the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citations omitted). Under the "economic reality" test, the relevant factors include whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id.* However, these factors are not exclusive. Indeed, under the "economic reality" test, which encompasses the totality of the circumstances, "any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." *Id.*

Here, Plaintiff has alleged that the Moving Defendants, in their capacity as owners and directors of construction businesses operating within this district, had the power to hire and terminate employees, control work schedules and conditions of employment, and set wages. Plaintiff's allegations of operational control, considered together, are sufficient to allege the Moving Defendants' status as Plaintiff's employer, as that term is defined under the FLSA and NYLL. Several recent decisions interpreting the FLSA and NYLL—each of which involve factual allegations nearly identical to the ones set forth in Plaintiff's complaint—lend further support to the Court's conclusion. *See Wilk v. VIP Health Care Servs., Inc.*, 2012 WL 560738, at *8 (E.D.N.Y. Feb. 21, 2012) (denying motion to dismiss where plaintiff alleged that company's officer and shareholder had "influence over hiring and firing decisions, and the terms and

5

conditions of [plaintiff's] employment—including how, when, and how much [plaintiff] was to be paid"); *Severin v. Project OHR, Inc.*, 2011 WL 3902994, at *6 (S.D.N.Y. Sept. 02, 2011) (denying motion to dismiss where plaintiffs alleged executive director of company "controlled personnel decisions, and had the power to hire and fire, set wages, and otherwise control the terms and conditions of the plaintiffs' employment"); *see also Michalek v. Amplify Sports and Entm't LLC*, 2012 WL 2357414, at *3 (S.D.N.Y. June 20, 2012) (granting leave to amend complaint to add company's president as defendant based on allegations that president "had the authority to hire and fire employees for Amplify, had the authority to supervise employees for Amplify, controlled employees' schedules for Amplify, and determined the rate and method of payment for employees of Amplify") (internal quotations omitted); *Hernandez v. Habana Room, Inc.*, 2012 WL 423355, at *3 (S.D.N.Y. Feb. 09, 2012) ("Whether the plaintiff will ultimately be able to . . . establish that the individual defendants here had sufficient operational control to be considered 'employers' under the FLSA and New York Labor Law is a matter to be determined on summary judgment or at trial."). Indeed, the complaint's allegations appear plausible because they suggest, when viewed as a whole, a business enterprise of modest size and scope. *See Wilk*, 2012 WL 560738, at *9 (finding plaintiff's allegations sufficient where "there [was] no reason to question the plausibility of [plaintiff's] allegations in light of VIP's size or number of employees [and] there [was] no allegation that VIP is a massive enterprise with far-flung offices and a large number of employees").

  The Moving Defendants contend that dismissal is warranted because Plaintiff does not sufficiently allege that the Moving Defendants had direct contact or day-to-day involvement with Plaintiff. (Defs.' Mem. at 3, 5; Defs.' Reply Mem. at 3.) However, Plaintiff's allegations of operational control, on their own, are sufficient. *See Apple v. Atl. Yards Dev. Co., LLC*, 2012

WL 2309028, at *10 (E.D.N.Y. June 18, 2012) ("While Ratner and Marshall are not alleged to have played a role in . . . day-to-day administration . . . , they exercised operational control. This is sufficient to allege their status as joint employers."); *Ahn v. Inkwell Publ'g Solutions, Inc.*, 2012 WL 1059679, at *1 (S.D.N.Y. Mar. 29, 2012) ("An owner need not exercise direct control over an employee to be considered an employer under the FLSA[;] having operational control over the corporation is sufficient."); *see also Herman*, 172 F.3d at 140 (rejecting chairman's argument that only evidence indicating his "direct control" over employees should be considered under the "economic reality" test, because doing so would "ignore[] the relevance of the totality of the circumstances in determining [the chairman's] operational control").

The Moving Defendants principally rely on two recent decisions from courts of concurrent jurisdiction to suggest that Plaintiff's allegations are insufficient. (Defs.' Mem. at 5; Defs.' Reply Mem. at 2-3.) Both decisions are distinguishable. In the first, *Wolman v. Catholic Health System of Long Island, Inc.*, 853 F. Supp. 2d 290 (E.D.N.Y. 2012), the court dismissed FLSA and NYLL claims asserted against an individual alleged to be a joint employer where the plaintiffs not only failed to allege direct contact with the individual, but the plaintiffs' complaint also was "similarly void of facts that [the individual] had 'operational control' over [plaintiffs' employer]." *Id.* at 299-300. In contrast, here, Plaintiff's complaint, which alleges that the Moving Defendants had control over hiring and firing decisions, compensation, and schedules and conditions of employment, sufficiently alleges operational control. In the second case relied on by the Moving Defendants, *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011), the court dismissed FLSA and NYLL claims asserted against eighteen entities because the complaints failed to specify which of those entities employed the respective plaintiffs, and failed to allege specific facts about the plaintiffs'

7

employment, including their dates of employment, amount of compensation, and positions held. *Id.* at *3-4. These deficiencies are not present here, as Plaintiff has pleaded specific facts concerning his dates of employment, his pay, and the nature of his work.

## CONCLUSION

For the reasons stated above, the Moving Defendants' motion to dismiss is denied.

SO ORDERED.

Dated: Brooklyn, New York
February 12, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge